1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   DEWAYNE PARKER,                        1:12-cv-00889-DLB (HC)

10                    Petitioner,

11       v.                               ORDER TO SHOW CAUSE WHY PETITION
                                          FOR WRIT OF HABEAS CORPUS SHOULD
                                          NOT BE DISMISSED
12
    ON HABEAS CORPUS,                      [Doc. 1]
13
                     Respondent.
14   _____/

15

16       Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.

18       Petitioner filed the instant petition for writ of habeas corpus in this Court on May 31,

19   2012.

20                                        DISCUSSION

21       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

22   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

23   plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4

24   of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

25   1990).

26   I.    Improper Respondent

27       A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

28   officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

                                              1

1   Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

2   California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

3   custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

4   incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.

5   United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

6   21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

7   is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

8   probation or parole, the proper respondent is his probation or parole officer and the official in

9   charge of the parole or probation agency or state correctional agency.  Id.

10          In this case, Petitioner fails to name a Respondent on the § 2254 form petition.

11  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack

12  of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

13  (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir.

14  1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by

15  amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,

16  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

17  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

18  Washington, 394 F.2d 125 (9th Cir. 1968) (same).

19  II.     Exhaustion of State Court Remedies

20          A petitioner who is in state custody and wishes to collaterally challenge his conviction by

21  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

22  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

23  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

24  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

25  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

26          A petitioner can satisfy the exhaustion requirement by providing the highest state court

27  with a full and fair opportunity to consider each claim before presenting it to the federal court.

28  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

1   829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

2   opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

3   factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

4   basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

5   Additionally, the petitioner must have specifically told the state court that he was raising a

6   federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

7   F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

8   violated his due process rights "he must say so, not only in federal court but in state court."

9   Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

10  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

11  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

12  that the "due process ramifications" of an argument might be "self-evident."); Gray v.

13  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

14  must include reference to a specific federal constitutional guarantee, as well as a statement of the

15  facts which entitle the petitioner to relief.").

16         Additionally, the petitioner must have specifically told the state court that he was raising

17  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

18  669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

19  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

20  Supreme Court reiterated the rule as follows:

21            In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
          of state remedies requires that petitioners "fairly presen[t]" federal claims to the
22        state courts in order to give the State the "'opportunity to pass upon and correct
          alleged violations of the prisoners' federal rights" (some internal quotation marks
23        omitted). If state courts are to be given the opportunity to correct alleged violations
          of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
24        are asserting claims under the United States Constitution. If a habeas petitioner
          wishes to claim that an evidentiary ruling at a state court trial denied him the due
25        process of law guaranteed by the Fourteenth Amendment, he must say so, not only
          in federal court, but in state court.
26

27  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

28

1          Our rule is that a state prisoner has not "fairly presented" (and thus
exhausted) his federal claims in state court *unless he specifically indicated to*
2    *that court that those claims were based on federal law*. See Shumway v. Payne,
223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
3    Duncan, this court has held that the *petitioner must make the federal basis of the*
*claim explicit either by citing federal law or the decisions of federal courts, even*
4    *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
(9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
5    underlying claim would be decided under state law on the same considerations
that would control resolution of the claim on federal grounds. Hiivala v. Wood,
6    195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
(9th Cir. 1996); . . . .

7          In Johnson, we explained that the petitioner must alert the state court to
8    the fact that the relevant claim is a federal one without regard to how similar the
state and federal standards for reviewing the claim may be or how obvious the
9    violation of federal law is.

10   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

11        On the form petition, Petitioner does not indicate what, if any, claims were presented to
12   the state's highest court for review.  Therefore, the Court cannot determine whether Petitioner
13   has exhausted the state court remedies prior to filing suit in this Court.  Accordingly, Petitioner
14   will be ordered to show cause why the petition should not be dismissed for failure to exhaust the
15   state court remedies.

16        Based on the foregoing, it is HEREBY ORDERED that:

17   1.    Within thirty (30) days from the date of service of this order, Petitioner shall show
18         cause as to why the petition should not be dismissed for failure to name a proper
19         Respondent and for failure to exhaust the state court remedies; and

20   2.    The failure to comply with this order will result in dismissal of the action.  Local
21         Rule 110.

22   IT IS SO ORDERED.

23    **Dated:   June 27, 2012**              /s/ **Dennis L. Beck**
24                                  UNITED STATES MAGISTRATE JUDGE

4